**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**LUIS GUSTAVO DIAZ,**

        **Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**Civil No. 2:25cv499**
**Criminal No. 2:24cr28-7**

## OPINION AND ORDER

This matter is before the Court on Petitioner Luis Gustavo Diaz's <u>pro</u> <u>se</u> amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF Nos. 302, 309, 363. For the following reasons, the motion is **DENIED in part and TAKEN UNDER ADVISEMENT in part** pending an evidentiary hearing.

### I. BACKGROUND

On April 17, 2024, a grand jury returned an indictment charging Petitioner with Racketeer Influenced and Corrupt Organizations (RICO) Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One), and Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(a)(1)(A)(ii) and (h) (Count Two). ECF No. 1. On December 6, 2024, Petitioner pleaded guilty to Count One. ECF Nos. 174-76, 350. Another judge of this Court sentenced him on April 18, 2025, to 38 months of imprisonment, followed by three years of supervised release. ECF

Nos. 252-55. Petitioner's written plea agreement included a waiver of his right to appeal his "conviction and any sentence within the statutory maximum . . . (or the manner in which that sentence was determined)," with an exception for "an ineffective assistance of counsel claim that is cognizable on direct appeal." ECF No. 175, at 3. Petitioner did not directly appeal. See ECF No. 309, at 3.

Petitioner first filed a § 2255 motion, along with a supporting Declaration, on August 13, 2025. ECF No. 301-02. The Court received Petitioner's filing on the standardized § 2255 form shortly thereafter. ECF No. 309. In these filings, Petitioner raised three main claims of ineffective assistance of counsel: "failure to object to [the] sophisticated means enhancement" (Ground One), "failure to cite applicable authority for credit for time served in California" (Ground Two), and "failure to fulfill duty to consult regarding direct appeal" (Ground Three). ECF No. 309, at 5-7. Liberally construed, Petitioner's motion also alleged that his counsel's "failure to investigate" his criminal history and "review [character] letters" constituted ineffective assistance (Ground Four). ECF No. 302, at 10. Based on these claims, Petitioner sought the appointment of counsel and, ultimately, a sentence reduction. ECF No. 302, at 12.

After Petitioner's motion was referred to the undersigned, the Court ordered the Government to respond. ECF No. 310. The Government then moved to compel disclosure of information from

2

Petitioner's former defense counsel, Ms. Lana Manitta. ECF No. 349. In an Order dated October 31, 2025, the Court found that Petitioner, "by filing an ineffective assistance of counsel claim in his § 2255 motion," had "waived the attorney-client privilege and any other right to confidentiality under Va. R. Prof. Resp. 1.6 with respect to the issues raised in the motion concerning ineffective assistance of counsel." ECF No. 351, at 1. Accordingly, the Court granted the motion to compel.[1] Id. The Government then filed its response in opposition, to which it attached an affidavit by Ms. Manitta. ECF No. 356. On December 2, 2025, the Court received Petitioner's reply. ECF No. 364.

On that same day, the Court received Petitioner's "Motion for Leave to Amend/Supplement" his § 2255 motion. ECF No. 363. In his proposed amendment, Petitioner raised another ineffective-assistance claim, alleging that his counsel "failed to advise him regarding the immigration consequences of a guilty plea" (Ground Five). Id. at 1 (citing Padilla v. Kentucky, 559 U.S. 356

---

[1] On November 7, 2025, the Court received Petitioner's response to the Government's motion, in which Petitioner requested a "protective order" and "object[ed] to the Government's desire to interview" his former counsel. ECF No. 354, at 1. The Court received a "Motion for a Protective Order" to the same effect on November 19, 2025. ECF No. 359. The Court "recognizes that protective orders are 'entirely justified,' being 'consistent with the interests of the habeas petitioner in obtaining a fair adjudication of his petition.'" Courtade v. United States, 243 F. Supp. 3d 699, 705 (E.D. Va. 2017) (quoting United States v. Nicholson, 611 F.3d 191, 217 (4th Cir. 2010)); see United States v. Farhane, No. 05cr673, 2025 WL 2986201, at *5 (S.D.N.Y. Oct. 23, 2025) (collecting cases). The Court will therefore **GRANT in part** Petitioner's motion, ECF No. 359, and issue a protective order, the terms of which are set forth in the Conclusion of this Opinion and Order. Consistent with the Court's prior Order, ECF No. 351, the remainder of Petitioner's motion, ECF No. 359, is **DENIED**.

(2010)). The Court again ordered briefing, ECF No. 365, which was completed on February 3, 2026. ECF Nos. 368, 370. Although the Government opposed Petitioner's supplemental claim, it did not object to Petitioner raising it via amendment. See ECF No. 368. Pursuant to Rule 15(a), the Court **GRANTS** Petitioner leave to amend. ECF No. 363; see Fed. R. Civ. P. 15(a); United States v. Pittman, 209 F.3d 314, 316-17 (4th Cir. 2000).

Petitioner's § 2255 motion thus comprises his original motion, ECF Nos. 301-02, as corrected, ECF No. 309, with his amendment thereto, ECF No. 363.[2] The motion is now fully briefed and ripe for consideration.

## II. STANDARD OF REVIEW

A federal prisoner may collaterally challenge his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner must establish by a preponderance of the evidence that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States"; the district court "was without jurisdiction to impose such sentence"; the sentence exceeds "the maximum authorized by law"; or the sentence or conviction is "otherwise subject to collateral attack." Id.;

---

[2] The Court has also received a "Letter" that recounts Petitioner's personal circumstances and requests an expedited ruling on his § 2255 motion. ECF No. 355. More recently, Petitioner filed a "Motion to Expedite Proceedings," ECF No. 369, and a "Pro Se Motion for Immediate Release," ECF No. 371.

Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). A § 2255 motion "is expected to state facts that point to a real possibility" that one of these errors occurred; "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (citations omitted). No evidentiary hearing is necessary where "the files and records conclusively show that the prisoner is entitled to no relief." Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Because the right to pursue a collateral attack does not displace a direct appeal as the ordinary method for challenging a conviction or sentence, the doctrine of procedural default generally prevents a district court from reaching the merits of § 2255 claims that were not raised "during [the] initial criminal proceeding or on direct appeal." United States v. McKinney, 60 F.4th 188, 193 (4th Cir. 2023); see United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). This doctrine does not, however, bar a constitutional claim that defense counsel provided ineffective assistance in contravention of the accused's Sixth Amendment "right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. Such a claim "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

"To demonstrate ineffective assistance of counsel, a defendant must show (1) that counsel's representation 'fell below an objective standard of reasonableness,'" and "(2) that 'the deficient performance prejudiced the defense.'" United States v. Cooper, 617 F.3d 307, 312 (4th Cir. 2010) (quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). A failure to prove either of these Strickland prongs is dispositive. Moore v. Hardee, 723 F.3d 488, 500 (4th Cir. 2013). Again, conclusory allegations are insufficient to carry a petitioner's burden. Dyess, 730 F.3d at 359-60.

The first Strickland prong, performance, requires a petitioner to overcome a "'strong presumption' that counsel's decisions were within the broad spectrum of reasonableness." Tice v. Johnson, 647 F.3d 87, 102 (4th Cir. 2011) (quoting Strickland, 466 U.S. at 689). Only in "relatively rare situations" will a § 2255 motion establish that "the identified acts or omissions were outside the wide range of professionally competent assistance." Id. (quoting Strickland, 466 U.S. at 690). As it is all too easy to challenge counsel's conduct once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight" and "evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689.

Under the second Strickland prong, prejudice, a petitioner must "affirmatively prove prejudice" by demonstrating "a

6

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. When a petitioner claims ineffective assistance in connection with his entry of a guilty plea, the petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### III. DISCUSSION

Petitioner's § 2255 motion advances five grounds for relief. Each is a claim that defense counsel provided ineffective assistance during the guilty-plea process or at sentencing. Such claims are procedurally proper, "whether or not the petitioner could have raised the claim on direct appeal." Massaro, 538 U.S. at 504. The Court thus proceeds to consider each claim's merits.

### A. Ground One: Sophisticated Means Enhancement

Petitioner first asserts that his former counsel rendered constitutionally ineffective assistance when she failed to object to the application of a two-level enhancement based on Petitioner having "intentionally engaged in or caused" offense conduct "constituting sophisticated means." U.S.S.G. § 2B1.1(b)(10)(C); see ECF No. 242 ¶ 37. This sophisticated means enhancement applies to "especially complex or especially intricate offense conduct

pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1 cmt. 9(B). The Fourth Circuit has affirmed the application of this enhancement where the defendant's "conduct went beyond the 'minimum conduct required to establish [fraud] in its simplest form.'" United States v. Sanders, 146 F.4th 372, 382 (4th Cir. 2025) (citation omitted), cert. denied, No. 25-5907, 2026 WL 79682 (U.S. Jan. 12, 2026).

In this case, according to the signed Statement of Facts, Petitioner "transported" the "proceeds from a skimming operation" across state lines; "scout[ed] locations and install[ed] skimmers on gas pumps"; "purchased gift cards with stolen track data"; and "used cloned cards . . . to conduct cash-out operations at retail stores." ECF No. 176, at 7-9. Such facts amply justified the sentencing court's application of the sophisticated means enhancement. Cf. United States v. Balde, 616 F. App'x 578, 584 (4th Cir. 2015) (applying the enhancement to a scheme involving "hundreds of stolen or fraudulent gift and credit card numbers" and the "use of access device making equipment").

Facing these facts, counsel chose not to object to the application of the enhancement. In the position on sentencing that she filed on Petitioner's behalf, counsel stated that the applicability of the enhancement to Petitioner's own conduct was "arguable." ECF No. 250, at 4. However, she ultimately "refrain[ed] from objecting to the enhancement." Id. Instead, in

8

the position filing and at the sentencing hearing, counsel requested "a downward departure," arguing that the enhancement "illustrate[d] the arbitrariness of the fraud guideline." ECF No. 255, at 4. It is thus evident from counsel's arguments at the time of sentencing that her decision not to object to this enhancement was strategic, not inadvertent. Id.; ECF No. 250, at 4. Counsel's more recent affidavit confirms as much. ECF No. 356-1, at 88 (explaining that "[t]he decision not to object to the sophisticated means enhancement was a judgment call" intended to avoid "opening the door" to certain "factual disputes with the government," which would risk "clouding the sentencing").

Because this decision was "tactical," it "is entitled to a strong presumption of reasonableness." United States v. Henry, 336 F. App'x 309, 310 (4th Cir. 2009) (per curiam). Counsel "is not required to bring forth all conceivable objections," Kankam v. Dotson, No. 1:23cv1313, 2024 WL 4008648, at *12 (E.D. Va. Aug. 30, 2024), and "[w]hen counsel focuses on some issues to the exclusion of others, there is a strong presumption that [counsel] did so for tactical reasons" consistent with the exercise of professional judgment, Yarborough v. Gentry, 540 U.S. 1, 8 (2003).

In an effort to overcome this presumption, Petitioner points to the subsequent sentencing of one of his codefendants, who engaged in similar offense conduct. See ECF No. 302, at 7. When the presentence investigation report prepared for that codefendant

9

did <u>not</u> apply the sophisticated means enhancement, the government raised an objection, which counsel for that codefendant opposed. <u>See</u> ECF Nos. 264-66. The sentencing court — the same judge who sentenced Petitioner — ultimately overruled the government's objection and declined to apply the enhancement to that codefendant. ECF No. 286, at 15.

These events, which occurred <u>after</u> Petitioner himself had already been sentenced, do not demonstrate deficient performance, because the reasonableness of counsel's performance is not to be "judged with the benefit of hindsight." <u>United States v. Basham</u>, 789 F.3d 358, 371 (4th Cir. 2015) (quoting <u>Yarborough</u>, 540 U.S. at 8). For the reasons stated above, when viewed "from counsel's perspective at the time," the decision not to raise an objection to the sophisticated means enhancement was reasonable. <u>Strickland</u>, 466 U.S. at 689. That conclusion is dispositive. <u>Moore</u>, 723 F.3d at 500 (quoting <u>Strickland</u>, 466 U.S. at 697); <u>United States v. Murillo</u> (<u>Murillo II</u>), 169 F.4th 273, 284 (4th Cir. 2026). Accordingly, Petitioner's first claim is **DENIED**.

### B. Ground Two: Credit For Time Served

Petitioner's second ground for relief challenges counsel's alleged "failure to cite applicable authority for credit for time served in California." ECF No. 309, at 6. Although the sentencing court specified in its judgment that "THE DEFENDANT SHALL RECEIVE CREDIT FOR TIME SERVED," the court did not specifically reference

the time Petitioner had previously served in California custody. ECF No. 253, at 2.  Petitioner contends that this omission was due to counsel having "cited no authority whatsoever in her memorandum" or "during oral arguments."  ECF No. 302, at 6.

Contrary to Petitioner's assertion, counsel did in fact address Petitioner's "72 days in jail" in the position on sentencing, in which she invoked this time served in support of a request for "an appropriate downward departure."  ECF No. 250, at 8 (citing U.S.S.G. § 5K2.0).  However, as the Government has admitted, both the Government and Petitioner's counsel appeared at sentencing to be "confus[ed] regarding the timeline of" Petitioner's "arrest, conviction, and disposition" in California. ECF No. 356, at 9.  During the sentencing hearing, the Government took the position that Petitioner should not receive credit for having "served 72 days" in state custody based on the Government's apparently mistaken belief that Petitioner had "continued to engage in this conspiracy" even after his arrest in November 2018. ECF No. 255, at 27-28.  Petitioner's counsel did not immediately correct this mistake.  However, following a recess, Petitioner's counsel clarified for the court that, although Petitioner's arrest had been ordered in November 2018, "he was not arrested until after he was out of the conspiracy."[3]  Id. at 40.

_____

[3] Since Petitioner's counsel made this correction before the court pronounced the sentence, Petitioner is unlikely to demonstrate prejudice, though the Court does not decide that issue here.  Cf. United States v. Whitehead, 524

In responding to the instant § 2255 motion, the Government initially took the view that, because it had relied on "incorrect" information at sentencing, "it would be fair and prudent to amend the Petitioner's judgment" to state that his credit for time served "shall include the seventy-two (72) days the defendant served in custody in California." ECF No. 356, at 9-10. However, the Government did not identify what authority, if any, this Court presently enjoys to make this proposed amendment. See Fed. R. Crim. P. 35(a); 18 U.S.C. § 3582(c). Nor has the Government explained what effect, if any, such an amendment would have. See United States v. Wilson, 503 U.S. 329, 332-34 (1992).

Furthermore, it is not clear whether the Government still believes that such an amendment "would be fair and prudent." ECF No. 356, at 9. In a more recent filing in another habeas proceeding that Petitioner initiated in the Middle District of Pennsylvania, the Government explains that "after further investigation, the Petitioner is not entitled to the relief sought, as the credit he seeks [against his federal sentence] was already applied to a California [state] sentence." Diaz v. Greene, No. 1:25cv2058 (M.D. Pa. Apr. 7, 2026), ECF No. 17, at 2-3.

It appears that some "confusion" about this claim persists. ECF No. 356, at 9. This claim is therefore **TAKEN UNDER ADVISEMENT**

---

F. App'x 929, 931 (4th Cir. 2013) ("[T]he Government corrected its error, albeit after [the] sentence had been pronounced, but the court still could have reduced [the] sentence at that time, if it was so inclined.").

12

pending supplemental briefing clarifying the Government's current position, to which Petitioner will be permitted to respond with the benefit of appointed counsel, as detailed in the Conclusion of this Opinion and Order.

### C. Ground Three: Consultation Regarding Direct Appeal

Petitioner next asserts that counsel failed to consult with him about the prospect of filing a direct appeal. ECF No. 309, at 7. According to a Declaration that Petitioner signed under "penalty of perjury," Petitioner asked counsel (via Petitioner's fiancée) "to pursue any and all remedies available to [him] to obtain a sentence reduction." ECF No. 301. In response, Petitioner claims, counsel indicated that "she could file a motion to reconsider"; that Petitioner could "hire another attorney who can file a 2255 on her"; and that Petitioner might pursue a "motion for compassionate release." Id. "At no point," says Petitioner, did counsel "inform[]" him of his "right to appeal." Id.

In contrast, counsel asserts in her affidavit that she "discussed the way that the right to appeal works in relation to the waiver in the plea agreement with [Petitioner] when [they] were discussing and negotiating the agreement." ECF No. 356-1, at 89. Counsel seems to agree with Petitioner that they "did not discuss appeal again" after sentencing. Id. at 90. However, according to counsel, Petitioner "did not convey a message to note

13

an appeal" at any time "after the sentencing hearing," and "no one requested [her] to do so on his behalf."  Id.

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Cooper, 617 F.3d at 313 (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)). A defendant's waiver of appellate rights does not necessarily absolve counsel of this duty. Id. (citing United States v. Poindexter, 492 F.3d 263, 265 (4th Cir. 2007)). The Fourth Circuit "has found a breach" of this duty where "the defendant said something to his counsel indicating that he had an interest in appealing," id., as Petitioner claims to have done here, see ECF No. 301. Meanwhile, Strickland prejudice is "presumed if the defendant can show that, had he received reasonable advice from his attorney, he would have instructed his attorney to file a timely notice of appeal." Poindexter, 492 F.3d at 268-69 (citing Flores-Ortega, 528 U.S. at 486); see Flores-Ortega, 528 U.S. at 486 (characterizing "evidence that . . . the defendant in question promptly expressed a desire to appeal" as "highly relevant" to the determination of Strickland prejudice).

14

Given the competing versions of the facts now before the Court and the credibility determinations that will be required to reconcile them, this claim necessitates an evidentiary hearing. United States v. Diaz, 547 F. App'x 303, 304 (4th Cir. 2013) ("[W]e long ago recognized that there remains 'a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court.'" (quoting Raines, 423 F.2d at 530)). This claim is therefore **TAKEN UNDER ADVISEMENT** pending such a hearing.

### D. Ground Four: Preparation For Sentencing

Throughout his § 2255 motion, Petitioner challenges his former counsel's "failure to investigate" his criminal history, "lack of preparedness," and "grossly ineffective" performance at sentencing. ECF No. 302, at 1-6; 10-11. The bulk of these allegations pertain to the issues raised as Grounds One and Two, which the Court need not further address. However, construing these allegations liberally, Petitioner appears to have raised a fourth ground for relief focused on his counsel's alleged failures to "investigate [prior] incidents" and review character letters she submitted to the court on Petitioner's behalf. Id. at 10.

A "failure to investigate thoroughly" that "result[s] from inattention, not reasoned strategic judgment," may be so unreasonable as to constitute deficient performance under Strickland. Wiggins v. Smith, 539 U.S. 510, 526 (2003). Arguably, the missteps Petitioner alleges resulted from such "inattention."

15

Id. But even assuming that they did, Petitioner has not established "a reasonable probability that, but for" these particular errors, "the result of the proceeding would have been different." Id. at 534 (quoting Strickland, 466 U.S. at 694).

First, Petitioner suggests that counsel "failed to apprise the Court that [Petitioner] could not have acted as part of the conspiracy" at issue in this case at the time of an earlier arrest in 2016. ECF No. 302, at 11. According to Petitioner, this "resulted in repeated courtroom misrepresentations." Id. The transcript of the sentencing hearing contradicts this contention:

> THE COURT: Was he acting as part of the conspiracy when he got caught in 2016?
>
> MS. MANITTA: No, I don't believe that that was related.
>
> THE COURT: That's just sort of some –
>
> MS. MANITTA: I don't believe that was related to this all.

ECF No. 255, at 13. Thus, even if counsel was uncertain regarding the precise details of Petitioner's 2016 arrest, she consistently maintained that the arrest was not related to the charged conspiracy. On this record, Petitioner has not shown prejudice.

Petitioner also alleges that counsel failed to adequately review the character letters submitted on his behalf. ECF No. 302, at 2-3. While each of these letters contained some information specific to Petitioner, some letters still included, in part, "form" placeholder language (e.g., "[Defendant's Name]")

16

that the letter writers seemingly had not written. See, e.g., ECF No. 250-13, at 1. However, although the sentencing court characterized some of these errors as "atrocious," ECF No. 255, at 10, the court nonetheless weighed the letters in Petitioner's favor, see id. at 39 ("Mr. Diaz has been steadily employed and clearly has a very supportive family. I found their letters moving."). Petitioner has not shown that counsel's oversight in reviewing the letters led the court to impose a harsher sentence than Petitioner would otherwise have received.

In sum, because Petitioner has failed to demonstrate the requisite Strickland prejudice, Ground Four must be **DENIED**.

### E. Ground Five: Advice Regarding Immigration Consequences

Finally, Petitioner's amended § 2255 motion incorporates a claim that counsel "failed to advise him regarding the immigration consequences of a guilty plea." ECF No. 363, at 1. Because Petitioner is not a U.S. citizen, his conviction on Count One, an "aggravated felony," renders him "subject to mandatory deportation." Lee v. United States, 582 U.S. 357, 360-62 (2017); see 8 U.S.C. §§ 1101(a)(43)(J), 1227(a)(2)(A)(iii). "Counsel's failure to advise" him of that consequence, as well as any "'false assurance' that the conviction would not result in [his] removal from the country," would "easily constitute[] deficient performance." United States v. Swaby, 855 F.3d 233, 240 (4th Cir. 2017) (citing Padilla, 559 U.S. at 368-69).

17

According to the Declaration Petitioner filed to support this claim, counsel "failed to apprise [Petitioner] that conviction carried mandatory deportation." ECF No. 363-1, at 1. Petitioner further asserts that counsel affirmatively represented that his criminal "case isn't really what is affecting" his immigration status. Id. An exhibit Petitioner filed appears to show counsel stating the following in a text message to Petitioner's fiancée:

> If it makes you feel any better the case isn't really what is affecting [Petitioner's possible deportation]. It's the new administration going after anybody who's not documented. And of course, the focus is on violent offenders first and foremost.

ECF No. 363-2, at 1. At sentencing, counsel acknowledged that she didn't "know enough even to be dangerous about immigration law," but did note that Petitioner was "in danger of deportation" absent "some miracle that can be pulled by an immigration attorney." ECF No. 255, at 33. In a Supplemental Affidavit, counsel now states that "the subject of immigration consequences was discussed repeatedly." ECF No. 368-1, at 2. But counsel does not explain what advice she offered. As for "mandatory removal," counsel notes only that "every iteration of the plea agreement" contained "specific language" on the subject. Id. at 3.

If Petitioner's version of the facts is true, it may raise a colorable ineffective-assistance claim, see Murillo II, 169 F.4th at 285-88, notwithstanding the written warnings contained in the plea agreement and the "general and equivocal" oral warnings given

by the court at the plea hearing, United States v. Murillo (Murillo I), 927 F.3d 808, 818-19 (4th Cir. 2019) (citations omitted); see ECF No. 350, at 11-12 (showing that the court questioned Petitioner to determine whether he understood that a felony conviction "possibly means that at some point in the future, [he] will be deported" (emphasis added)).

Here again, however, in light of the competing accounts offered by Petitioner and counsel, an evidentiary hearing is necessary. See Diaz, 547 F. App'x at 304; Murillo II, 169 F.4th at 284. In the meantime, this claim is **TAKEN UNDER ADVISEMENT**.

## IV. CONCLUSION

As noted, the Court **GRANTS** Petitioner leave to amend his § 2255 motion, ECF No. 363, and has considered the additional claim incorporated therein. For the foregoing reasons, Grounds One and Four of Petitioner's corrected and amended § 2255 motion are **DENIED**, while Grounds Two, Three, and Five are **TAKEN UNDER ADVISEMENT** pending supplemental briefing and an evidentiary hearing. ECF No. 302, 309, 363. At the hearing, the Court will receive evidence and invite argument as to the merits of Petitioner's remaining claims.

Petitioner's Motion for a Protective Order is **GRANTED in part and DENIED in part**. ECF No. 359. It is hereby **ORDERED** that the attorney-client privilege shall not be deemed automatically waived in any other federal or state proceeding, including any immigration

19

proceeding.  Outside of this § 2255 proceeding, the Government is prohibited from using disclosures by Petitioner's former counsel without further order of a court of competent jurisdiction or a written waiver by Petitioner.

Because an evidentiary hearing is necessary, the Court **DIRECTS** the Clerk to appoint counsel to represent Petitioner at such hearing.  See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." (emphasis added)). As soon as new counsel is appointed, counsel for Petitioner and counsel for the Government shall confer and jointly (1) contact the undersigned's calendar clerk to schedule a mutually agreeable hearing date; and (2) propose to the Court a schedule for supplemental briefing on Petitioner's three remaining claims.[4]

The Court reserves ruling on the Government's request to "compel disclosure of the identity of the [immigration] attorney Petitioner was consulting."  ECF No. 368, at 12.  If the Government and appointed counsel for Petitioner are unable to resolve this issue, the Government may renew this request.

The evidentiary hearing shall be conducted as soon as practicable.  Considering the purpose of the hearing and the nature

---

[4] In scheduling the hearing, counsel should consider the availability of Petitioner's former counsel, whose testimony will presumably be required.

of his claims, Petitioner's "Motion to Waive Physical Appearance" is **DENIED**.    ECF No. 362.    Petitioner is **REQUIRED** to appear in person.    Counsel shall accordingly ensure that the hearing date affords the United States Marshals Service adequate time to transport Petitioner to this Court.

Petitioner's "Motion to Expedite Proceedings," ECF No. 369, and "Pro Se Motion for Immediate Release," ECF No. 371, are **DENIED**.

The Clerk is **REQUESTED** to forward a copy of this Opinion and Order to Petitioner, Petitioner's former counsel, the United States Attorney's Office in Norfolk, Virginia, and the United States Marshals Service.

**IT IS SO ORDERED.**

_____
/s/ Mark S. Davis
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 21, 2026

21